QUINCE, C.J.,
dissenting.
While this Court has addressed as a newly discovered evidence claim the issue of whether one of the State’s primary witnesses, the codefendant in this case, used an alias, this issue has not been addressed under Brady v. Maryland, 873 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Both a Brady claim and a Giglio claim involve the role of the prosecutor in either withholding exculpatory or impeaching evidence or the prosecutor’s knowing use of false evidence. In either case, this is a potentially serious issue which could be easily resolved by an evidentiary hearing. Therefore, I dissent from the affirmance of the trial court’s denial of these claims without an evidentia-ry hearing.
The defendant argues that the codefen-dant used the name Scott Jason McGuire at trial and that he was actually Scott Jeffrey Keenum, an Ohio prison escapee. The defendant further alleges that, based on the prosecutor’s action at the prior evidentiary hearing, the prosecutor may have had this information, but did not give it to the defense and allowed McGuire to testify under false colors.
McGuire testified that Brown was the one who conceived the idea of killing the victim and that Brown was the person who retrieved the steak knives and stabbed the victim. Brown, on the other hand, testified at trial that McGuire killed the victim while he, Brown, was asleep. He also testified that McGuire threatened to frame him if he told anyone about the murder. Thus, McGuire’s credibility was of paramount importance in this case.
This is a case that is ripe for a warrant, and I believe we should address the issue of the prosecutor’s knowledge or lack thereof in regards to the true identity of McGuire while we are not under the constraint of any deadlines.
PARIENTE, J., concurs.